# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHAEL LEON WILLIAMS,

        Petitioner,               Case Number: 2:08-CV-12679

v.                                      HONORABLE GERALD E. ROSEN

L.C. EICHENLAUB,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Michael Leon Williams has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner, who is currently incarcerated at the Federal Correctional Institution in Milan, Michigan, challenges the Federal Bureau of Prisons' administration of the Inmate Financial Responsibility Program. For the reasons set forth below, the Court denies the petition.

## I.

Petitioner is incarcerated pursuant to firearms-related convictions. He was sentenced in the United States District Court for the Western District of Missouri to fifteen years' imprisonment and five years' supervised release.

Petitioner owes approximately $25,000 in child support. In 2007, Petitioner was removed from his UNICOR job[1] because he refused to allow the institution to withhold 50% of

---

[1] The Federal Bureau of Prisons' website describes UNICOR (also known as Federal Prison Industries) as a Government-established corporation with the mission of employing and providing job skills training to federal inmates, keeping inmates constructively occupied, and producing market-priced quality goods and services for sale to the Federal Government. *See* http://www.bop.gov/inmate_programs/unicor.jsp (last accessed March 22, 2010).

his pay to satisfy his child support obligation. Petitioner filed a request for administrative remedy stating that he would pay $25.00 each month toward his child support obligation and requesting reinstatement to his job. The administrative remedy was denied. *See* Response to Request for Administrative Remedy, 1/22/08. Petitioner appealed the denial of his request for administrative remedy to the Regional and Central Offices. Both appeals were denied. *See* Regional Administrative Remedy Appeal Response, 8/20/08, and Central Office Administrative Remedy Appeal Response, 5/13/08.

Petitioner then filed the pending petition for a writ of habeas corpus. He argues that the BOP lacked the authority to remove him from his prison job for his refusal to participate in the BOP's Inmate Financial Responsibility Program. He further claims that, because the sentencing judge did not establish a specific schedule of restitution payments to be collected during incarceration, the BOP lacked authority to substitute its own schedule.

**II.**

The Inmate Financial Responsibility Program (IFRP) is a work program instituted by the Bureau of Prisons to encourage "each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. The program allows for the development of a financial plan so that inmates may satisfy enumerated obligations, such as restitution payments, while incarcerated. 28 C.F.R. § 545.11(a). While the program is voluntary, refusal to participate in the program is not without consequences. For examples, an inmate who refuses to participate in the IFRP will not be placed in UNICOR. 28 C.F.R. § 545.11(d).

The Sixth Circuit Court of Appeals has not specifically addressed the IFRP in the context of payment of child support obligations. But, the Sixth Circuit has "implicitly endorsed" the IFRP and approved a district court's delegation of scheduling restitution payments to the BOP.

*Weinberger v. United States*, 268 F.3d 346, 360 (6th Cir. 2001).  Additionally, the Sixth Circuit has implicitly upheld the constitutionality of this program in at least one other case. *See United States v. Callan*, 96 F. App'x 299, 301 (6th Cir. 2004) (noting "the complete absence of any constitutional, statutory or decisional authority for the proposition that a federal district court has the subject[-]matter jurisdiction to micro[-]manage the IFRP for the Bureau of Prisons" and further noting that the authority that exists supports the IFRP against general, and due process, challenges).

As the Sixth Circuit has noted, "due process challenges to the IFRP have uniformly been rejected." *Weinberger*, 268 F.3d at 361, n. 6.  Courts have ruled that the IFRP clearly serves valid penological interests of rehabilitation and that a prisoner's having to choose between participation in the program or risking significant penalties does not violate a prisoner's constitutional rights.  *See United States v. Williams*, 996 F.2d 231, 234 (10th Cir.1993) (restitution orders may be satisfied through IFRP); *Montano-Figuero v. Crabtree*, 162 F.3d 548, 549 (9th Cir. 1998) (IFRP requiring inmate to pay court-imposed fines not unconstitutional); *Muhamad v. Moore*, 760 F. Supp 869, 871 (D. Kan. 1991) (IFRP requirements do not violate constitutional rights); *James v. Quinlan*, 866 F.2d 627, 630 (3d Cir. 1989); *Dorman v. Thornburgh*, 955 F.2 57 (D.C. Cir. 1992) (rejecting both the due process and excessive punishment claims of a prisoner who was removed from his work assignment because he refused to participate in the IFRP).

Courts have also upheld the payment of child support obligations through the IFRP. *Burgin v. Cauley*, No. 0:08-CV-136-HRW, 2009 WL 971449, *3 (E.D. Ky. April 08, 2009) (holding that collection of a child support debt under IFRP is proper and "fully consistent with the BOP's authorization, under the direction of the Attorney General, to provide for rehabilitation

and reformation"); *Trinh v. Thomas*, No. CV 08-203-MA, 2008 WL 4133562, *3 (D. Or. Aug. 29, 2008) (holding that child support obligation may be collected through IFRP); *Scott v. Hamidullah*, No. 3:05-3027-CMC-JRM, 2007 WL 904803, *5 (D. S.C. March 21, 2007) (same).

Finally, while prisoners who refuse to participate in the program do suffer adverse consequences, the benefits denied such as the loss of a prison job, are not constitutionally guaranteed. *See Johnson v. Rowley*, 569 F.3d 40, 44 (2d Cir. 2009) ("[A] federal prisoner has no protected property interest in a UNICOR job assignment."); *Bulger v. United States Bureau of Prisons*, 65 F.3d 48, 49-50 (5th Cir. 1995) (holding that prisoners have no constitutionally protected liberty or property interests in their prison job assignments); *James v. Quinlan*, 866 F.2d 627, 629 (3d Cir. 1989) (inmates do not possess a liberty interest in prison-job assignments); *Garza v. Miller*, 688 F.2d 480, 486 (7th Cir. 1982) (same).

In sum, the BOP is within its constitutional authority to remove Petitioner from his UNICOR job in response to his refusal to participate in the IFRP.

### III.

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claim contained in his petition.

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED.**

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2553(c)(1)(B), Fed. R. App. P. 22(b). The court must either issue a certificate indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). A certificate of appealability may be issued

"only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims were debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

  **IT IS SO ORDERED**.


        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: March 24, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 24, 2010, by electronic mail and to Michael Williams, #14627-045, Milan Federal Correctional Institution, Inmate Mail/Parcels, P.O. Box 1000, Milan, Michigan 48160 by ordinary mail.

        s/Ruth A. Gunther
        Case Manager